UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DARRYL CEDENO,

                          Plaintiff,

        -against-

Police Officer DENIS O'MAHONEY, Shield No. 5585; Police Officer ROMAN GORIUS; Police Officer STEPHEN MINUCCI; Sergeant EDY MOREAU; Sergeant RONALD LUBIN; Police Officer NICHOLAS LOWETH; Police Officer ROYSTON FERGUSON; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 4754 (CBA) (VVP)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Darryl Cedeno ("plaintiff" or "Mr. Cedeno") is a resident of Richmond County in the City and State of New York.

7. Defendant Police Officer Denis O'Mahoney, Shield No. 5585 ("O'Mahoney"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant O'Mahoney is sued in his individual and official capacities.

8. Defendant Police Officer Roman Gorius, ("Gorius"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gorius is sued in his individual and official capacities.

9. Defendant Police Officer Stephen Minucci, ("Minucci"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Minucci is sued in his individual and official capacities.

10. Defendant Sergeant Eddy Moreau, ("Moreau"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Moreau is sued in his individual and official capacities.

11. Defendant Sergeant Ronald Lubin, ("Lubin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lubin is sued in his individual and official capacities.

12. Defendant Police Officer Nicholas Loweth, ("Loweth"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Loweth is sued in his individual and official capacities.

13. Defendant Police Officer Royston Ferguson, ("Ferguson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ferguson is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17. At approximately 10 p.m. on December 28, 2012, plaintiff was lawfully walking with friends in the area of 713 Nostrand Avenue in Brooklyn, New York.

18. Mr. Cedeno had been speaking to his mother who had driven by in her car when defendants direct plaintiff's mother to move her car.

19. As plaintiff's mother was attempting to park her car in a nearby space, defendants again loudly ordered plaintiff's mother to move her car.

20. Mr. Cedeno advised defendants that his mother was attempting to park the car when a defendant officer said to Mr. Cedeno, in sum, "fucking cocksucker."

21. This same defendant officer then jumped out of a police vehicle with his gun drawn and pointed at Mr. Cedeno.

22. Suddenly, Mr. Cedeno was struck from behind as a group of defendant officers began to assault him.

23. Defendants held Mr. Cedeno as additional defendant officers struck him with closed fists and batons to his head, legs and groin area.

24. Mr. Cedeno was taken to the 77th Precinct.

25. At the Precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Cedeno commit various crimes including assault in the second degree, a felony, menacing, harassment, disorderly conduct and resisting arrest and prepared false paperwork to this effect

including an arrest report.

26. At no point did the officers observe plaintiff commit these crimes.

27. Due to the injuries he sustained, Mr. Cedeno required medical treatment and was taken to Kings County Hospital Center where he received treatment, including approximately ten stitches to his right shin as well as pain medication.

28. After being treated, Mr. Cedeno was taken back to the 77th Precinct.

29. Eventually Mr. Cedeno was transported to Kings County Central Booking.

30. Mr. Cedeno's right leg continued bleeding while at Central Booking and he again had to be transported to the hospital for further treatment.

31. Upon his return to Central Booking, Mr. Cedeno was arraigned and bail was set.

32. After his arraignment, Mr. Cedeno had to be taken to the hospital a third time for further treatment to his injuries.

33. Upon his return to Central Booking from his third trip to the hospital, Mr. Cedeno made bail and was finally released after approximately four days in custody.

34. Following his release, Mr. Cedeno was unable to walk without severe pain; for the first several weeks he walked only when necessary.

35. Mr. Cedeno's injuries required follow up medical treatment after his

release from custody.

36. On or about June 28, 2013, the charges against Mr. Cedeno were dismissed.

37. Mr. Cedeno suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, loss of wages and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

41.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.   Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

43.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

44.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.   By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46.   Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

47. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, loss of wages, embarrassment and loss of reputation.

### FOURTH CLAIM
### Unreasonable Force

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The individual defendants created false evidence against plaintiff.

53. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

54. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SIXTH CLAIM
### Failure To Intervene

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   March 11, 2014
         New York, New York

                                                HARVIS WRIGHT & FETT LLP

                                                _____
                                                Baree N. Fett
                                                305 Broadway, 14th Floor
                                                New York, New York 10007
                                                (212) 323-6880
                                                bfett@hwandf.com

                                                *Attorneys for plaintiff*